**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
ANTHONY RULLAN,                  :      Hon. Noel L. Hillman
                                 :
            Petitioner,          :     Civil Action No. 11-4497 (NLH)
                                 :
     v.                          :
                                 :
ROBERT M. BALICKI,               :         O P I N I O N
                                 :
            Respondents.         :
                                 :
```

**APPEARANCES:**

```
     ANTHONY RULLAN, #41734
     Cumberland County Jail
     54 W. Broad Street
     Bridgeton, New Jersey  08302
     Petitioner Pro Se
```

**HILLMAN, District Judge**

Anthony Rullan, who is presently incarcerated at Cumberland County Jail, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging a judgment of conviction entered on March 28, 2008, in the Superior Court of New Jersey, Cumberland County. For the reasons expressed below, and because the Petition, as drafted and read in light of the available state court decisions, shows that the claims are not exhausted, this Court will dismiss the Petition without prejudice for failure to exhaust available state court remedies and deny a certificate of appealability.

## I.  BACKGROUND

On March 28, 2008, the Superior Court of New Jersey, Law Division, Cumberland County, sentenced Rullan to an eight-year term of imprisonment after a jury found him guilty of second-degree endangering the welfare of a child who was less than 16 years of age and fourth-degree lewdness.  Rullan appealed, raising the following grounds:

> I.  THE TRIAL COURT DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY FAILING TO GIVE THE JURY ANY LIMITING INSTRUCTION ON THE FRESH[-]COMPLAINT DOCTRINE.
>
> II.  THE TRIAL COURT DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY NOT EXCLUDING TESTIMONIES WHICH WERE INADMISSIBLE UNDER THE FRESH[-]COMPLAINT DOCTRINE.
>
>> A. ANGELA STANLEY'S TESTIMONY.
>
> III.  THE TRIAL COURT DENIED DEFENDANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL BY NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE TO DETECTIVE O'NEILL IN VIOLATION OF MIRANDA.
>
>> A. VINELAND POLICE OFFICER, DETECTIVE O'NEILL, VIOLATED THE MIRANDA REQUIREMENT.
>>
>> B. TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO SUPPRESS STATEMENTS MADE TO DETECTIVE O'NEILL IN VIOLATION OF MIRANDA WARNINGS.
>
> IV.  THE PROSECUTOR'S SUMMATION AND DIRECT EXAMINATION EXCEEDED THE BOUNDS OF PROPRIETY AND THEREBY VIOLATED DEFENDANT'S RIGHT TO A FAIR TRIAL WARRANTING A REVERSAL.
>
>> A. PROSECUTOR'S SUMMATION.
>>
>> B. PROSECUTOR'S DIRECT EXAMINATION OF [ANDREW].

    V. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S R. 3:20-1 MOTION TO SET ASIDE THE VERDICT.

    VI. THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S R. 3:20-2 MOTION FOR A NEW TRIAL.

    VII. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO AN EIGHT (8) YEAR TERM OF IMPRISONMENT ON THE SECOND DEGREE N.J.S.A. 2C:24-4a ENDANGERING THE WELFARE OF A CHILD CHARGE AND HENCE SUBJECT TO THE REGISTRATION REQUIREMENTS OF MEGAN'S LAW IN VIOLATION OF DEFENDANT'S CONSTITUTIONAL RIGHTS AND THE SENTENCE IMPOSED BY THE TRIAL COURT ON THE DEFENDANT'S CONVICTION FOR VIOLATING N.J.S.A. 2C:14-[4]b(1) WAS MANIFESTLY EXCESSIVE.

        A. THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO AN EIGHT (8) YEAR TERM OF IMPRISONMENT ON THE SECOND DEGREE N.J.S.A. 2C:24-4a ENDANGERING THE WELFARE OF A CHILD CHARGE.

        B. THE TRIAL COURT ERRED IN IMPOSING THE MEGAN'S LAW REGISTRATION REQUIREMENTS ON DEFENDANT.

        C. THE SENTENCE IMPOSED BY THE TRIAL COURT ON THE DEFENDANT'S CONVICTION FOR VIOLATING N.J.S.A. 2C:14-[4]b(1) WAS MANIFESTLY EXCESSIVE.

State v. A.R., 2011 WL 6569, *2-3 (N.J. Super. Ct., App. Div., July 14, 2010).

On July 14, 2010, the Appellate Division affirmed. See State v. A.R., 2011 WL 6569 (N.J. Super. Ct., App. Div., July 14, 2010) (Dkt. 3 at 2). On November 4, 2010, the New Jersey Supreme Court denied certification. See State v. A.R., 205 N.J. 14 (2010) (table).

On July 14, 2011, Rullan executed (and presumably handed to prison officials for mailing) a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 challenging the judgment of conviction entered in the Superior Court of New Jersey,

3

Cumberland County, dated March 28, 2008.  The Petition raised 12 grounds.  The Clerk received it on August 9, 2011.  By Order entered August 26, 2011, this Court:  (1) notified Rullan of the consequences of filing a § 2254 petition, see Mason v. Myers, 208 F. 3d 414 (3d Cir. 2000); (2) explained that a District Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the applicant has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B) because there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant, see Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); (3) administratively terminated the case because the Petition was not on the current form supplied by the Clerk, see Loc. Civ. R. 81.2(a); and (4) gave Rullan 30 days to file a petition on the form provided by the Clerk.[1]  (Dkt. 2.)

---

[1] The online Inmate Locator of the New Jersey Department of Corrections indicates that on September 13, 2010, Rullan was released by state officials from Mid State Correctional Facility. For the purposes of the Opinion, this Court presumes that he was released on parole.  But if Rullan was released on September 13, 2010, because his sentence expired, then this Court may not have subject matter jurisdiction, since he may not have been "in custody" within the meaning of 28 U.S.C. § 2254(a) when this § 2254 Petition was filed on July 14, 2011.  Compare Maleng v. Cook, 490 U.S. 488, 492 (1989) (habeas petitioner does not remain "in custody" under a conviction after the sentence imposed for it has fully expired), with Garlotte v. Fordice, 515 U.S. 39 (1995) (habeas petitioner who is serving consecutive sentences is "in custody" to attack sentence scheduled to run first, even after it
(continued...)

On September 13, 2011, Rullan filed a § 2254 Petition (on the current form provided by the Clerk) challenging the March 28, 2008, judgment of conviction.  The Petition raises 12 grounds:

> Ground One:  TRIAL COUNSEL HAD BEEN INEFFECTIVE, DENYING DEFENDANT-PETITIONER CORROBORATING AND EXCULPATORY EVIDENCE AND TESTIMONY, THAT SUCH ALLEGATION[S] AS RELATED TO ALLEGED VICTIM, [V.C.], HAS BEEN ADDRESSED PRIOR TO THE CURRENT MATTER AND SUBSEQUENTLY DISMISSED SINCE NO SUPPORT OF ANY SUCH VIOLATIONS OCCURRING HAD BEEN DETERMINED.
>
> Ground Two:  JURY CHARGE/INSTRUCTIONS WERE NOT PROPERLY GIVEN, THAT JURY HAD GONE AGAINST SUCH INSTRUCTIONS, AND HAD INTERPRETED THE LAW THEMSELVES.
>
> Ground Three:  THAT EVIDENCE TO BE PRESENTED AND PRIOR TESTIMONIES GIVES, SUPPORT TOWARDS DEFENDANT-PETITIONER'S INNOCENCE AND REFLECTS THAT REASONABLE DOUBT STILL REMAINS WHICH OUTWEIGHS THE JURY'S VERDICT THAT DEFENDANT-PETITIONER IS GUILTY.
>
> Ground Four:  THAT JURY'S VERDICT WAS ARBITRARY AND INCONSISTENT WITH FACTS OF MATTER.
> Ground Five:  THAT EVIDENCE TO BE PRESENTED AND PRIOR TESTIMONY GIVEN SUPPORTS HIS INNOCENCE AND REFLECTS A LACK OF CREDIBILITY BY ALLEGED VICTIM.
>
> Ground Six:  THAT STATE'S WITNESS' TESTIMONY THAT DEFENDANT DID NOT ASSAULT ALLEGED VICTIM, BUT HAD ASSAULT[ED] ANOTHER UNIDENTIFIED UNDERAGE VICTIM HAD PREJUDICED HIM, TAINTED JURY, DENYING DEFENDANT A FAIR AND IMPARTIAL TRIAL.
>
> Ground Seven:  THAT STATE'S WITNESS HAD BEEN DENIED OPPORTUNITY TO FINISH HIS TESTIMONY WHICH WAS EXCULPATORY IN NATURE TOWARDS DEFENDANT.
>
> Ground Eight:  THAT THERE WERE THREE CRITICAL WITNESSES THAT WERE NOT CALLED BY EITHER PARTY:  DEFENDANT'S WIFE; A COUNSELOR ONLY REFERRED TO AS "KIM;" AND A "MCCABE."

---

[1](...continued)
has expired, until all consecutive sentences have been served).

> Ground Nine:  THAT ASSISTANT PROSECUTOR'S COMMENT CONTRIBUTE[D] TO DEFENDANT'S BEING FOUND GUILTY BY BOLSTERING ALLEGED VICTIM'S TESTIMONY GREATER CREDIBILITY.
>
> Ground Ten:  THAT ASSISTANT PROSECUTOR'S ACT OF INSTRUCTING DEFENSE COUNSEL WAS IMPROPER AND LIMITED DEFENSE TO PURSUE AREAS WITHIN THEIR DEFENSE.
>
> Ground Eleven:  THAT DEFENDANT WAS DENIED OPPORTUNITY TO IMPEACH ALLEGED VICTIM.
>
> Ground Twelve:  THAT STATE'S WITNESS' TESTIMONY ABOUT ALLEGED PRIOR BAD ACTS OR WRONGDOING BY DEFENDANT, VIOLATED DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO A FAIR AND IMPARTIAL TRIAL, DUE PROCESS, EQUAL PROTECTION OF THE LAW, AND FUNDAMENTAL FAIRNESS.

(Dkt. 3 at 5, 7, 8, 10, 17, 18, 19.)

Rullan asserts in this § 2254 Petition that on July 15, 2011, he filed a petition for post-conviction relief in the Law Division, which raises the 12 issues presented in this § 2254 Petition, and that this state petition is pending before the New Jersey courts.  (Dkt. 3 at 3, 5, 7, 8, 10, 17, 18, 19.)

## II.  DISCUSSION

A.  Standard of Review

"Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).  Habeas Rule 4

requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4; see Mayle v. Felix, 545 U.S. 644, 655 (2005). Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B. Exhaustion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prohibits a District Court from granting habeas relief under § 2254 unless the petitioner has fairly presented each federal ground in the § 2254 petition to each level of the state courts or shown that exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). See Henderson v. Frank, 155 F.3d 159, 164 (3d Cir. 1998); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997); Toulson v. Beyer, 987 F.2d 984 (3d Cir. 1993). Specifically, the AEDPA provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
>     (A) the applicant has exhausted the remedies available in the courts of the State; or

7

>    (B)(i) there is an absence of available State corrective process; or
>
>    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
>    (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
>    (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
>    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b) & (c).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." DeFoy v. McCullough, 393 F. 3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." Bronshtein v. Horn, 404 F. 3d 700, 725 (3d Cir. 2005) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a

manner that puts them on notice that a federal claim is being asserted." Rainey v. Varner, 603 F. 3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).  In summary, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief."  Id. (quoting Zicarelli v. Gray, 543 F. 2d 466, 472 (3d Cir. 1976)).

Here, Rullan repeatedly concedes on the face of the Petition that he has not exhausted any of the 12 claims raised in this Petition.  After each ground, the § 2254 form asks Rullan to specify whether he raised this ground on direct appeal from the judgment of conviction, or in a post-conviction motion or petition in the state trial court.  With respect to each ground raised in the Petition, Rullan asserts that the ground was not raised on direct appeal, but was raised in the pending state petition for post-conviction relief filed in the Law Division on July 15, 2011.  (Dkt. 3 at 3, 6, 7, 9, 10, 11, 20.)  In addition, Rullan answered "yes" in response to the question asking if he has any petition or appeal now pending in any court, for the challenged judgment, adding the following:  "Superior Court of NJ, PCR Division, Cumberland County, Docket No.:  04-05-556I 04000332-1, Post-Conviction-Relief, Grounds One through Twelve." (Dkt. 3 at 12.)

Thus, Petitioner concedes on the face of the Petition that none of the grounds have been exhausted and that his state petition for post-conviction relief raising these same grounds is pending before the Law Division of the New Jersey Superior Court. Where a § 2254 petition contains one or more unexhausted grounds **and** a stay is not warranted, a District Court must either dismiss the § 2254 petition without prejudice as unexhausted, pursuant to 28 U.S.C. § 2254(b)(1), or deny all claims in the petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). See Carrascosa v. McGuire, 520 F. 3d 249 255 (3d Cir. 2008).

C. Stay

"Where the timeliness of a habeas corpus petition is at issue, 28 U.S.C. § 2244(d)(1), a District Court has the discretion to stay a . . . habeas petition to allow complete exhaustion in state court." Williams v. Walsh, 411 Fed. App'x 459, 461 (3d Cir. 2011) (citing Rhines v. Weber, 544 U.S. 269, 277 (2005)); see also Heleva v. Brooks, 581 F. 3d 187 (3d Cir. 2009) (holding that stay-and-abeyance under Rhines standard also applies to a request to stay a § 2254 petition which contains only unexhausted claims); Benchoff v. Colleran, 404 F. 3d 812, 820 n.6 (3d Cir. 2005) (observing that Rhines "approved, but

limited, the availability" of a stay). The <u>Rhines</u> Court explained the rationale for a stay:

> If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under <u>Lundy</u> after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court.

<u>Rhines</u> at 275.

In determining whether to grant a stay, this Court must initially consider whether timeliness is at issue, such that any § 2254 petition filed after exhausting state court remedies would be time barred. <u>Id.</u> The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

11

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions: statutory tolling and equitable tolling. See Holland v. Florida, 130 S. Ct. 2549 (2010); Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998). Statutory tolling is governed by § 2244(d)(2), which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). An application is "filed" within the meaning of § 2244(d)(2) when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." Artuz v. Bennett, 531 U.S. 4, 8 (2000) (citations omitted).

> And an application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for

> example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee . . . .  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally . . . .  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar.

Artuz, 531 U.S. at 8-9 (citations omitted); see also Allen v. Siebert, 552 U.S. 3 (2007) (petition for state post-conviction relief that was rejected by the state courts as untimely is not "properly filed" under § 2244(d)(2)).  A post-conviction relief application remains pending in state court until "the state courts have finally resolved an application for state post[-]conviction relief [but] § 2244(d)(2) does not toll the 1-year limitations period during the pendency of a petition for certiorari."  Lawrence v. Florida, 549 U.S. 327, 332 (2007).

In Pace v. DeGuglielmo, 544 U.S. 408, 416 (2005), the Supreme Court ruled that a state petition for post-conviction relief that is dismissed by the state court as untimely does not toll the federal statute of limitations because an untimely state petition for post-conviction relief is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).  In rejecting the prisoner's arguments, the Supreme Court observed that, in the event that a state prisoner who is pursuing state post-conviction

13

relief is "reasonably confused" as to whether the state petition was timely or otherwise "properly filed," then that prisoner could file a protective § 2254 petition. The Court explained:

> Finally, petitioner challenges the fairness of our interpretation. He claims that a "petitioner trying in good faith to exhaust state remedies may litigate in state court for years only to find out at the end that he was never 'properly filed,'" and thus that his federal habeas petition is time barred. A prisoner seeking state postconviction relief might avoid this predicament, however, by filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. See Rhines v. Weber, ante, 544 U.S., at 278 . . . (2005). A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court. Ibid. ("[I]f the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics," then the district court likely "should stay, rather than dismiss, the mixed petition").

Pace, 544 U.S. at 416-417 (some citations omitted).

In this case, Rullan's conviction became final on February 3, 2011, when the time to file a petition for certiorari expired.[2] See 28 U.S.C. § 2244(d)(1)(A). The statute of limitations ran for 162 days until July 15, 2011, when it was statutorily tolled upon the filing of the state petition for

---

[2] Rullan states that he attempted to file a petition for certiorari in the United States Supreme Court. (Dkt. 3 at 3.) However, this Court's electronic research reveals no such filing. This Court will, for the purposes of this Opinion, use the earliest possible date for calculating the one-year statute of limitations.

14

post-conviction relief (presuming the state petition for post-conviction relief was "properly filed"). Under these circumstances, the 365-day federal limitations period will be statutorily tolled until "the state courts have finally resolved [Rullan's] application for state post[-]conviction relief." Lawrence, 549 U.S. at 332. At that point, the 365-day limitations period will pick up at day 163. Accordingly, if Rullan's state petition for post-conviction relief was "properly filed," then Rullan will have 203 days remaining on the 365-day statute of limitations at the time the New Jersey courts finally resolve his petition for post-conviction relief (and statutory tolling stops). And since nothing in Rullan's submissions indicates that his state petition for post-conviction relief was not "properly filed," this Court sees no basis to stay the § 2254 Petition.[3] This Court will accordingly dismiss the Petition without prejudice for failure to exhaust available state court remedies.[4] See 28 U.S.C. §§2254(b)(1)(A), 2254(c).

---

[3] New Jersey Court Rules provide that a first petition for post-conviction relief must generally be filed within five years after the date of entry of the judgment of conviction. See N.J. Ct. R. 3:22-12(a)(1).

[4] If the Law Division has determined that Rullan's petition for post-conviction relief was untimely or Rullan is "reasonably confused" as to whether it was "properly filed," then Rullan may file a motion asking this Court to reconsider the dismissal of this § 2254 Petition as unexhausted and to grant a stay; the motion must specify facts showing the basis for Rullan's reasonable confusion as to the proper filing of the petition for
(continued...)

D.  Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c).  See Fed. R. App. P. 22(b)(1).

### III.  CONCLUSION

For the foregoing reasons, this Court will dismiss the Petition without prejudice as unexhausted and decline to issue a Certificate of Appealability.

 /s/ Noel L. Hillman
**NOEL L. HILLMAN**
United States District Judge

DATED: December 7, 2011

At Camden, New Jersey

---

⁴(...continued)
post-conviction relief.